IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESLEY CULLOM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THOMAS DART, Sheriff of Cook ) <br> County, and COOK COUNTY, ) <br> ) <br> Defendants. ) | Case No. 20 C 4034 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Wesley Cullom, a pretrial detainee at the Cook County Jail, has sued Sheriff Thomas Dart in his official and individual capacities under 42 U.S.C. § 1983 and has also named Cook County as a defendant. Cullom suffers from several chronic health problems. During the relevant period, he was housed in the Jail's residential treatment unit (RTU) in a tier somewhat euphemistically called a "dormitory," which is actually more like a military barracks, housing about three dozen inmates all in bunkbeds in close quarters in a single room.

Cullom alleges that as of January 2020, Dart and the County were aware of the risk coronavirus posed to detained persons' health and well-being and were also aware of the need for proper personal protective equipment (PPE) and cleaning materials to stem the spread of the virus. Despite this, Cullom alleges, the Jail failed to acquire and distribute sufficient PPE or take other reasonable measures to combat the virus's spread.

By early March 2020, Cullom alleges, Dart and the County were aware that there were likely multiple cases of coronavirus at the Jail, including in other tiers in the RTU. Still, Cullom alleges, the defendants failed to take reasonable measures to ensure adequate sanitation (including appropriate hand hygiene) and the availability of PPE. Later in March, several persons detained in Cullom's tier began to exhibit symptoms consistent with coronavirus disease, but still the defendants "did not make available sufficient hygiene and cleaning supplies, frequently clean and disinfect high-touch surfaces and objects, or implement social distancing strategies for the population" on the tier. Am. Comp. ¶ 13. Cullom says that he became very sick and lost consciousness twice and, in early April, was transferred to Stroger Hospital, where he was diagnosed with and treated for what he describes as "a severe case of the coronavirus and acute hypoxic respiratory failure." *Id.* ¶ 16. He alleges that the conditions of his confinement "posed an unreasonable risk to his health" of which Dart and the County were aware but despite which they failed to take reasonable measures "to protect medically compromised inmates, like plaintiff housed in a dorm, from contracting the virus." *Id.* ¶ 25.

While at Stroger Hospital, Cullom says, he was held in a special wing where he and other patients from the Jail were under constant monitoring by armed correctional officers. He alleges that Dart "instructs correctional officers to shackle by hand and foot all seriously ill inmates hospitalized at Stroger and other outlying hospitals," that this is done on a widespread basis due to Dart's instruction, and that Dart is aware of this. *Id.* ¶¶ 18-21. Cullom alleges that the continuous restraint of his hand and foot caused him

significant pain and "significantly limited [his] ability to position himself in the hospital bed to assist with breathing and recover from symptoms of the coronavirus." *Id.* ¶ 23.

The defendants have moved to dismiss Cullom's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. They argue that he has failed to allege a plausible claim for unconstitutional conditions of confinement, particularly in light of the Seventh Circuit's decision in *Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020). The defendants also argue that the Court should dismiss Cullom's claim regarding the use of shackling because he does not allege that force, let alone unreasonable force, was used, and they contend that he does not adequately allege that the shackling caused him any cognizable harm. The defendants also argue that Cullom has not stated a plausible individual-capacity claim against Dart and that if he has, the claim is barred by qualified immunity.

**1.  Conditions of confinement claim**

A claim by a person detained while awaiting trial regarding the conditions of his confinement is governed by the Fourteenth Amendment. *See Hardeman v. Curran*, 933 F.3d 816, 821-22 (7th Cir. 2019); *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018) (claim regarding inadequate medical care). The plaintiff must establish that the defendant acted "purposefully, knowingly, or perhaps even recklessly" and that the defendant's conduct was objectively unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018).

Cullom's complaint satisfies the requirement of knowing conduct; he alleges that Dart knowingly failed to take reasonable steps to stem the spread of coronavirus within the Jail. The dispute at this point involves the objective reasonableness requirement.

3

An official's response to a particular condition may be reasonable even if the response fails to avert the harm. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) (Eighth Amendment deliberate indifference standard). And the reasonableness of the defendant's conduct must be evaluated based upon the totality of the circumstances and with appropriate deference to jail administrators' evaluation of safety and security concerns. *See Mays*, 974 F.3d at 819-21.

  Defendants' contention that the Seventh Circuit's ruling in *Mays* bars Cullom's conditions-of-confinement claim lacks merit. Defendants appear to regard *Mays* as definitively precluding any and all claims against the Sheriff in his individual or official capacity regarding his response to the coronavirus outbreak. That contention does not even clear the starting gate. The court in *Mays* was ruling on a request for a preliminary injunction. The decision to grant or deny a preliminary injunction "is not a decision on the merits of the plaintiff's suit." *MacDonald v. Chicago Park Dist.*, 132 F.3d 355, 357-58 (7th Cir. 1997). The propriety of preliminary injunctive relief and the determination of the merits of a case are "significantly different issues," *Parents Involved in Community Schools v. Seattle School District No. 1*, 551 U.S. 701, 721 n.10 (2007) (internal quotation marks omitted), and thus findings made at the preliminary injunction stage do not bind a court as the suit progresses. *State of Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 782 (7th Cir. 2011). Only a ruling on *permanent* injunctive relief might result in a conclusive determination—assuming it covered the particular issue involved in the present case. *Lacy v. Cook County*, 897 F.3d 847, 859 (7th Cir. 2018). And in *Mays* itself, the Seventh Circuit stated that it was "not address[ing] the merits of whether Plaintiffs have demonstrated that they have suffered a constitutional violation" but

4

instead was dealing only with legal errors committed by the district court (the undersigned judge) in analyzing whether to grant a preliminary injunction. *Mays*, 974 F.3d at 822.

*Mays* aside, defendants also cite in support of dismissal the efforts that the Sheriff undertook to address the coronavirus outbreak; they argue that these efforts represented an objectively reasonable response to an unprecedented situation. The problem with this argument is that it relies on claimed facts that are not contained in the complaint. A court cannot dismiss a complaint under Rule 12(b)(6) based on facts not included in the complaint or in documents referenced in the complaint. *See, e.g., Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 20120.

The facts alleged by Cullom add up to a plausible basis for a claim of objectively unreasonable conduct on the Sheriff's part. Specifically, Cullom alleges that the Sheriff was fully aware of the dangers posed by the coronavirus but failed to take reasonable steps to stem the spread of the virus into and within the Jail, even taking into account safety and security concerns. Cullom also alleges that these failures caused him to contract the coronavirus and suffer significant harm. Cullom's detailed factual allegations are sufficient to set forth a plausible basis for liability under the Fourteenth Amendment.

**2.     Conditions of confinement claim – qualified immunity**

Sheriff Dart is, however, entitled to dismissal of Cullom's conditions of confinement claim to the extent it is addressed to Dart in his individual capacity. Specifically, the individual-capacity claim is barred by qualified immunity. Qualified immunity shields a government official from liability for damages in the performance of

5

his duties unless the official violated a clearly established constitutional or statutory right of which a reasonable person would have known. *E.g., City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (per curiam). To be clearly established for this purpose, the contours of the right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *E.g., Anderson v. Creighton*, 483 U.S. 635, 640 (1987). This requires a plaintiff to identify similar cases or establish that the right is so clear "that no one thought it worthwhile to litigate the issue." *See, e.g., Dunn v. City of Elgin*, 347 F.3d 641, 650 (7th Cir. 2003) (citation omitted). The right must be established "in a particularized sense, rather than at a high level of generality," though a case "holding that the exact action in question is unlawful is not necessary." *Alicea v. Thomas*, 815 F.3d 283, 291 (7th Cir. 2016).

Cullom cannot satisfy this standard with regard to his claim regarding his contraction of the coronavirus. In particular, he identifies no analogous and authoritative cases regarding a jailer's response to a pandemic involving a highly infectious and previously unknown virus. Dart is entitled to dismissal of Cullom's individual-capacity claim.

### 3. Conditions of confinement claim – *Monell*

Qualified immunity, however, does not apply to Cullom's claim against the Sheriff in his official capacity. *Owens v. City of Independence*, 445 U.S. 622, 638 (1980). An official capacity claim against a government official amounts to a claim against the entity of which the named defendant is an official—here, the office of the Sheriff. *See, e.g., Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). Sustaining such a claim requires Cullom to establish that the violation of his constitutional rights was caused by

6

a policy or custom of the Sheriff's office. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Defendants do not address *Monell*'s requirements in their opening brief and thus have forfeited the point. Regardless, Cullom has adequately alleged that his injury was caused by Jail-wide policies and practices regarding, among other things, assignment and housing of inmates, screening them for disease, sanitation and hygiene within the Jail's living areas, the availability and distribution of personal protective equipment, and appropriate social distancing of persons detained and working there.

**4.     Shackling claim**

Cullom's allegations regarding his shackling while at Stroger Hospital are sufficient to state a plausible claim for relief. The Due Process Clause prohibits the use of bodily restraints in a manner that serves to punish a pretrial detainee. *See May v. Sheahan*, 226 F.3d 876, 884 (7th Cir. 2000). The use of such restraints constitutes punishment if it is not rationally related to a legitimate non-punitive governmental purpose or if it is excessive in relation to the purpose it is claimed to serve. *Id.*

Cullom concedes that the use of shackles furthers a legitimate non-punitive governmental purposes, specifically, preventing escapes. *See* Pl.'s Resp. to Defs.' Mot. to Dismiss at 8 (citing *Hart v. Sheahan*, 396 F.3d 887, 893 (7th Cir. 2005) and *May*, 226 F.3d at 884). He contends, however, that the application of the policy to him was excessive. Specifically, Cullom argues that given the fact that he was struggling with severe symptoms of coronavirus disease and was already in a secure wing of Stroger Hospital under constant observation by at least two armed correctional officers, keeping his leg and arm continuously restrained to his hospital bed for fourteen days was

7

excessive in relation to the purpose supporting shackling generally. See Pl.'s Resp. to Defs.' Mot. to Dismiss at 9. He also alleges that the shackling caused him gratuitous pain in light of his particular circumstances. Cullom ultimately may not be able to sustain his contentions, but his allegations are sufficient to state a claim and allow his case to proceed.

Cullom has also sufficiently alleged that the shackling took place, and thus the violation of his constitutional rights was caused, due to a common policy or widespread practice of the Sheriff's office. This is sufficient to support an official capacity claim against Sheriff Dart, that is, a *Monell* claim.

On the other hand, Cullom has not alleged a sufficient basis for an individual-capacity claim against Dart based on the shackling. As indicated, Cullom's claim of a constitutional violation involving the application of excessive force is premised upon his particular circumstances, specifically his severe health condition and the circumstances under which he was held and guarded at Stroger Hospital. Cullom's complaint does not plausibly allege that Dart was aware of any of these circumstances.

In sum, Cullom's claim regarding shackling survives only as a *Monell* claim, not as a claim for imposition of individual liability upon Sheriff Dart.

## Conclusion

For the reasons stated above, the Court dismisses plaintiff's individual-capacity claims against defendant Dart but otherwise denies defendants' motion to dismiss [24].

Date: December 27, 2020

_____
MATTHEW F. KENNELLY
United States District Judge